IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) ABRAHAM SANCHEZ-CUPRILL<br>**2) ABRAHAM GONZALEZ-SANCHEZ**<br>**3) DAVID MALDONADO-ROSADO**<br>Defendants | CRIMINAL 10-325CCC |

**ORDER**

Defendant Abraham González-Sánchez (2) moved to dismiss Counts Four and Seven of the Indictment on September 18, 2011 (docket entry 133), claiming that the charges there contained --the knowing possession of a firearm in furtherance of a drug trafficking crime on April 8 and April 10, 2010-- were returned by the Grand Jury based on materially false evidence. Defendant David Maldonado-Rosado (3) later joined that motion (docket entry 159), seeking the dismissal on those same grounds of Count Eight of the Indictment, which charged him with also possessing a firearm in furtherance of a drug trafficking crime on April 15, 2012. In essence, defendants ground the dismissal request on their assertion that the weapons used by them during the alleged drug trafficking transactions were fake, and further claim that the government knew of this because (1) "the government undercover agents and/or cooperating individuals posing as drug dealers personally handled the fake weapons" and (2) "the FBI agents that arrested codefendant Abraham González-Sánchez, upon handling the weapon introduced in evidence, immediately noticed that it was fake." Response to United States' Opposition to Defendants' Motion to Dismiss (docket entry 206), at p. 206. The United States opposed the motions (docket entry 151), averring that defendants had failed to present any evidence that the grand jury was presented with false

CRIMINAL 10-0325CCC                    2

evidence other than self-serving claims that the guns they possessed during the drug transactions were fake.

The matter was referred to U.S. Magistrate Judge Camille L. Vélez-Rivé on September 21, 2011 (docket entry 137), who conducted three evidentiary hearings at which both movants and their weapons' expert testified. She also required the government to produce the transcript of the indicting grand jury proceedings for an in camera inspection (docket entry 193), an Order which the government vigorously challenged (docket entry 196) but that we ultimately upheld (docket entry 201). After considering all the evidence presented at the hearings and the grand jury transcripts, the Magistrate Judge issued a Report and Recommendation (R&R) on May 8, 2012 (**docket entry 208**) where she concluded that "[t]he record . . . [did] not support defendants' motion to dismiss due to false testimony presented by the government to the grand jury." R&R, at p. 20. She, thus, recommended that the motion to dismiss be denied.

Defendants objected to the R&R on May 29, 2012 (docket entry 214), claiming that the Magistrate Judge had erred in recommending denial of the dismissal motion. They categorically claim that during the evidentiary hearings they "proved that on April 8 and April 15, 2010, they were carrying 'fake guns' purchased by defendant González-Sánchez at the New Star Locksmith Shop at the Cantón Mall in Bayamón" (docket entry 214, at p. 3), and that it necessarily followed that "[t]he grand jury was falsely told that the defendant[s were] in possession of a 'firearm' in furtherance of a 'sham' drug trafficking crime." Docket entry 214, at p. 8. We have reviewed the transcripts of the three evidentiary hearings held before the Magistrate Judge (docket entries 172, 197 and 207), and in all earnest fail to see how the evidence there presented necessarily leads to the conclusion that defendants would want us to reach: that the grand jury was presented with materially false evidence as to their alleged possession of firearms in relation to a drug trafficking crime. If anything, the

CRIMINAL 10-0325CCC                                     3

hearings allowed both defendants to rehearse what will most probably be their defense at trial --that days before the offense González-Sánchez had bought fake weapons at a shopping mall, and that said fake weapons were the ones actually used by him and Maldonado-Rosado when they allegedly committed the offense. This last fact, however, cannot be decisively established based only on defendants' self-serving testimonies, as the Magistrate-Judge correctly concluded. R&R, at p. 17. To hold, at this juncture, that the weapons used by defendants during the sham drug transactions were fake weapons only because they so state would be tantamount to absolving them on the weapons charges without allowing the government to discharge its burden of proof at a trial. Suffice it to say, on the limited matter now before us, that enough evidence was introduced before the grand jury to allow a return of an Indictment against defendants on Counts Four, Seven and Eight, as a review of the grand jury transcripts plainly confirms. The evidence submitted by defendants before the Magistrate Judge failed to establish that the grand jury was presented with false evidence or that the government knew that the evidence was false,[1] as the Magistrate Judge found. Hence, defendants having failed to meet their burden as to the grounds on which their dismissal motion was based, the Magistrate Judge's Report and Recommendation (**docket entry 208**) is APPROVED and ADOPTED and their Motions to Dismiss Counts Four, Seven and Eight of the Indictment (**docket entry 133**, see also docket entry 159) are DENIED.

---

[1] As noted above, defendants had alleged in their motions that knowledge by the government of the evidence's falsity was established because allegedly undercover agents and/or cooperating individuals posing as drug dealers personally handled the fake weapons and the FBI agents that later arrested González-Sánchez, upon handling one of the weapons, immediately noticed that it was fake. Of course, in order to make these crucial findings the Court would have to first make a favorable credibility assessment to conclude that the weapons used by defendants when they allegedly committed the offense were in fact the fake weapons previously bought by González-Sánchez and not some other, genuine, weapons. This, however, was far from established by the self-serving evidence presented by defendants at the hearings.

CRIMINAL 10-0325CCC 4

The trial of defendants Abraham González-Sánchez (1) and David Maldonado-Rosado (3) will be reset by separate Order.

SO ORDERED.

At San Juan, Puerto Rico, on July 20, 2012.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge